UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN KENNEDY GARNER,

        Petitioner,             Case No. 1:20-cv-615

v.                                    Honorable Robert J. Jonker

SHANE JACKSON,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.   **Factual allegations**

Petitioner John Kennedy Garner is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon County, Michigan. Following a three-day jury trial in the Kalamazoo County Circuit Court, Petitioner was convicted of involuntary manslaughter in violation of Mich. Comp. L. § 750.321. On May 22, 2017, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. L. § 769.12, to 25 to 40 years' imprisonment.

On July 2, 2020, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on July 2, 2020. (Pet., ECF No. 1, PageID.15.) The petition raises one ground for relief: Petitioner's constitutional right to due process of law was violated when the prosecution failed to exclude the possibility of self-defense beyond a reasonable doubt. (*Id.*, PageID.2, 5.)

Petitioner also filed a motion to stay these proceedings, and hold them in abeyance, pending his exhaustion of state court remedies with respect to two new issues:

II.   Trial counsel was ineffective in failing to investigate and failing to present a defense which would have reasonably led to acquittal.

III.   Appellate counsel was ineffective for failing to thoroughly review the record and therefore failing to raise significant issues.

(Mot. to Stay, ECF No. 3, PageID.47.)  The court construes Petitioner's motion to stay as, first, a motion to amend his petition to include these two issues, and second, a motion to stay the amended petition and hold it in abeyance.

Motions to amend a habeas corpus petition are governed by Rule 15(a) of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 2242 (application for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."); *Hodges v. Rose*, 510 F.2d 643, 649 (6th Cir. 1978).  Under Rule 15(a), a party may amend his pleadings once as a matter of course at any time before a responsive pleading is served. Otherwise, the party may amend only by leave of court, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see Mayla v. Felix*, 545 U.S. 644 (2005).  In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court identified some circumstances in which "justice" might counsel against granting leave to amend:  "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Id* at 182.  None of the circumstances identified by the *Foman* court are present here. Accordingly, the Court will grant Petitioner's motion to amend the petition and the Court will consider the petition as amended.

## II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing

3

upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he has exhausted his state court remedies with respect to his first habeas issue regarding due process and the prosecution's burden regarding self-defense; however, he acknowledges that he has not exhausted his state court remedies with regard to the two new issues regarding ineffective assistance of counsel.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has filed his one allotted motion; however, he contends he is entitled to file a successive motion under the circumstances. Therefore, the Court concludes that he has at least one available state remedy.

4

To properly exhaust his claim, Petitioner must file a successive motion for relief from judgment in the Kalamazoo County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has one claim that is exhausted and two that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on April 2, 2019**.**  Petitioner did not petition for certiorari to the United States Supreme Court (Pet., ECF No. 1, PageID.3), though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on July 1, 2019.  Accordingly, absent tolling, Petitioner would have one year, until July 1, 2020**,** in which to file his habeas petition.  Petitioner filed the instant petition on July 2, 2020.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2).  The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court.  *Lawrence v. Florida*, 549 U.S. 327 (2007)*.*  If a petitioner does not appeal the trial court's denial of his post-conviction motion—as is the case here—the tolling continues until the end of the period in which the petitioner could have appealed the denial of his motion.  *Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016).

Petitioner does not report when he filed his motion for relief from judgment; however, he notes that the trial court denied the motion on August 26, 2019.  Petitioner had six months until February 26, 2020, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals.  *See* Mich. Ct. R. 7.205(G)(3).  Therefore, Petitioner's period of

limitation was tolled from when he filed his motion for relief from judgment at some time prior to August 26, 2019, until February 26, 2020.

The period of limitation commenced running at that time and will continue to run until Petitioner files his successive motion for collateral review. Then, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, until he files his motion, and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Although the time remaining in Petitioner's period of limitation cannot be determined precisely without knowing when he filed his first motion for relief from judgment, it is apparent he has several months remaining in the period. Petitioner certainly has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted and Petitioner's motion seeking that relief will be denied. Moreover, the Court will dismiss the petition for failure to exhaust available state-court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only his exhausted claim at any time before the expiration of the limitations period.

**I.     Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment granting Petitioner leave to amend his petition to include his two new habeas issues, denying Petitioner's motion to stay these

proceedings and hold them in abeyance, dismissing the petition for failure to exhaust state-court remedies, and denying a certificate of appealability.

Dated: July 28, 2020 /s/ Robert J. Jonker
Robert J. Jonker
Chief United States District Judge